**This document has been electronically entered in the records of the United States Bankruptcy Court for the Northern District of Ohio.**

**IT IS SO ORDERED.**

_Charles M. Caldwell_
**Charles M. Caldwell**
**Dated: September 01, 2011**          **United States Bankruptcy Judge**

___

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. 08-16786 |
| | : | (Jointly administered with |
| Carbone Companies, Inc., et al., | : | case no. 08-16788) |
|     Debtors. | : | Chapter 11 |
| | : | Judge Caldwell |
| | : | |
| The Official Committee of Unsecured Creditors of the Debtors, Carbone Companies, Inc. and Carbone Properties, LLC | : | |
| | : | **Adv. Pro. No. 10-1288** |
|     Plaintiff, | : | |
|     v. | : | |
| Dwyer, Cambre &Suffern, | : | |
|     Defendant. | : | |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 25)**

This adversary proceeding arises from the jointly administered bankruptcy cases of Carbone Companies, Inc. ("Debtor") and Carbone Properties, LLC (collectively "Debtors"). In its Amended Complaint (Doc. No. 19), the Official Committee of Unsecured Creditors ("Plaintiff") alleges that one or both of the Debtors transferred funds to the law firm of Dwyer,

Cambre, & Suffern ("Defendant") totaling approximately $96,546.47 within the two year period prior to the filing of the Debtors' bankruptcy petitions at a time when the Debtors were insolvent. Further, Plaintiff alleges that the Debtors did not receive reasonably equivalent value for the alleged transfers, or alternatively, that the transfers were made with the actual intent to hinder, delay, or defraud creditors.

In the Motion for Summary Judgment (Doc. No. 25), Defendant acknowledges that Debtor paid Defendant $96,546.47 on account of numerous invoices for representation of Carbone Properties of Audubon, LLC, Ross P. Carbone, and the Debtor. In its defense, Defendant asserts that the Debtor owes Carbone Properties of Audubon, LLC an amount exceeding $5 million dollars, as evidenced by a line item on Debtor's Schedule F, which lists Carbone Properties of Audubon, LLC as a creditor. As a result, Defendant argues that any payment made by the Debtor to Defendant would have had the effect of reducing the amount owed by the Debtor to Carbone Properties of Audubon, LLC. Such a reduction, Defendant argues, constitutes the receipt of reasonably equivalent value in exchange for the transferred funds, thus defeating Plaintiff's constructive fraudulent transfer claim.

In its response, Plaintiff contests several of the material facts that Defendant claims are undisputed. First, Plaintiff states that neither of the Debtors were clients of the Defendant. Second, Plaintiff asserts that Carbone Properties of Audubon, LLC is not a creditor of Debtor, but instead that the line item on Schedule F was a mistake in Debtor's original schedules (Debtor has since amended its schedules to remove Carbone Properties of Audubon, LLC as a creditor). Defendant argues that Debtor has judicially confessed to owing a debt to Carbone Properties of Audubon, LLC, that Debtor should not be permitted to amend its schedules, and that Plaintiff is judicially estopped from asserting to the contrary. At hearing, Plaintiff asked the Court to enter

2

summary judgment in its favor pursuant to Federal Rule of Civil Procedure 56(f). Defendant has asked, if its motion is denied, for an extension of the trial schedule.

Rule 56 of the Federal Rules of Civil Procedure provides that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and identifying the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the nonmoving party must then demonstrate that a fact is genuinely in dispute by citing to particular parts of the record. Fed. R. Civ. P. 56(c)(1).

Plaintiff's Amended Complaint claims both actual fraudulent transfer and constructive fraudulent transfer. With regards to the actual fraudulent transfer claim, Defendant asserts that Plaintiff has failed to demonstrate that the transfer from the Debtor to Defendant involved any actual fraud. Plaintiff concedes this in its response to the motion. Upon reviewing the affidavits and briefs filed, the Court finds that Plaintiff has failed to identify any facts showing the "actual intent to hinder, delay, or defraud" required to recover under 11 U.S.C. § 548(a)(1)(A). Accordingly, the Court **GRANTS** Defendant's motion as to the actual fraudulent transfer claim.

Turning to the constructive fraudulent transfer claim, Defendant asserts that Debtor received reasonably equivalent value in exchange for the transfer. The sole support for this argument is Defendant's assertion that Carbone Properties of Audubon, LLC is a creditor of the Debtor. If this is true, Defendant argues that any payment it received from the Debtor for services rendered to Carbone Properties of Audubon, LLC would serve to reduce the scheduled debt, which in turn would constitute the receipt of reasonably equivalent value.

Defendant carries the burden of establishing the absence of disputed material facts. However, the pleadings, briefs, and oral arguments clearly demonstrate a dispute as to Carbone Properties of Audubon, LLC's status as a creditor. In its defense, Defendant argues (1) that the Debtor should not be permitted to amend its original schedules, because doing so would prejudice the litigation posture of the Defendant; and (2) that Plaintiff is judicially estopped from asserting the original schedules are incorrect.

The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). The Sixth Circuit has described judicial estoppel as "(1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition." *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002).

Because Plaintiff has not previously asserted that Debtor was in debt to Carbone Properties of Audubon, LLC, Defendant's argument fails. Plaintiff noted at oral argument, and this Court agrees, that Debtor, Carbone Companies, Inc., and Plaintiff, the Official Committee of Creditors, are two separate and legally distinct entities. Plaintiff's role in this adversary, and in the underlying bankruptcy proceeding, is akin to that of a Trustee. Trustees frequently take positions in bankruptcy proceedings inconsistent with those taken by a debtor in its schedules. No equitable purpose would be served by binding Plaintiff to assertions made by the Debtor, mistaken or otherwise, over which Plaintiff has no control.

Having determined that Plaintiff is not bound by Debtor's original schedules, the Court need not address whether the Debtor should be permitted to amend. The original Schedule F

upon which Defendant relies, and the amended Schedule F and affidavits upon which the Plaintiff relies, clearly demonstrate a dispute regarding whether a debt is owed by the Debtor to Carbone Properties of Audubon, LLC. The affidavits also demonstrate a dispute as to whether or not Defendant performed work for the Debtor. Each of these facts is relevant to the issue of reasonably equivalent value, and thus material.

Ultimately, Defendant has failed to meet its burden of demonstrating the absence of a genuine dispute of material fact as to the constructive fraudulent transfer claim. Accordingly, Defendant's motion with respect to that claim is **DENIED**. Further, based upon the disputed facts already identified, the Court declines to enter summary judgment in favor of the Plaintiff. Finally, the Court does not find that the issues raised by the parties necessitate further extension of the trial schedule.

**IT IS SO ORDERED.**

**Copies to:**

Lisa A. Meyer, Esq. (Electronic Service)
Richard A Baumgart, Esq. (Electronic Service)
Robert Barr, Esq. (Electronic Service)
Paul W. Linehan, Esq. (Electronic Service)
Robert Knights, Esq. (Electronic Service)

5

10-01288-cmc    Doc 30    FILED 09/01/11    ENTERED 09/01/11 15:37:23    Page 5 of 5